UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CURTIS DARBY,

                Plaintiff,

        - v -

NEW YORK CITY POLICE DEPARTMENT,
et al.,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM**

CV-14-4078 (JG)(VVP)

      This matter was referred to me by Judge Gleeson for an immediate status conference following the defendants' letter motion seeking dismissal or other sanctions against the plaintiff. The motion was prompted by a series of telephonic and in-person contacts initiated by the plaintiff with the Assistant Corporation Counsel who was formerly assigned to represent the defendants.[1] Those contacts culminated in a frenzied, profanity-laced voicemail message which included several threats to kill the attorney unless a settlement was reached promptly. The defendants provided the court with a recording of the voicemail message, as well as a second recording of a voicemail left several days later in which the plaintiff apologized profusely for his conduct and sought to explain the reasons for his behavior. Judge Gleeson denied the motion to dismiss without prejudice to renewal after the status conference.

      At the conference, which was held on August 4, the plaintiff offered an explanation for his behavior which was essentially the same as the explanation he had provided in his voicemail apology. The explanation rested on stress that he was under because of life-threatening health problems that members of his family were suffering, stress that he apparently believed would be alleviated if a settlement was reached. Although the plaintiff again apologized for his behavior, his statements in responding to various inquiries by me lapsed on several occasions into rambling expressions of frustration about a variety of incidents, unrelated to the claims in this action, for which he blames the police. Moreover,

---

[1] A new Assistant Corporation Counsel has now been assigned to handle the defense.

his apologies appeared to be motivated primarily by the recognition that his claims were in danger of dismissal, not by remorse for the anxiety and distress he had caused to counsel for the defendants.

At the conference, the defendants produced to the court a log of the contacts the plaintiff had initiated with the defendants' counsel to demonstrate the pattern of conduct in which he had engaged prior to the death-threat message. The log, a redacted copy of which has been submitted to the court and will be filed,[2] disclosed a history of repeated telephone calls and voicemail messages during June and July, as well as two unscheduled visits by the plaintiff to the offices of the defendants' counsel in May. According to the log, the calls increased in number and became more erratic with respect to the plaintiff's settlement demands as they approached the date of the death-threat message on July 24. On several dates in July, the plaintiff made multiple calls, and one call included a dinner proposal that was refused by the defendants' counsel. Several of the calls ended with angry "hang-ups" by the plaintiff.

The court's initial assessment after the conference on August 4 was that the plaintiff's behavior was compulsive and certainly volatile, but did not necessarily indicate that he posed a physical threat to counsel. He has at all times maintained respect for the court, and has complied with the court's directions during conferences even when his behavior became animated because of the frustrations he claimed to be experiencing at the hands of the police. In addition, in response to my inquiry, the plaintiff denied that he had any criminal record for assault or other violent conduct. (The defendants' counsel apparently had not yet obtained the plaintiff's criminal record pursuant to the release he had provided them and were therefore not able to provide any information about it.) Thus, at the close of the conference it was my belief that the court could establish conditions that would alleviate

---

[2]The defendants asserted that the log was protected by the work-product doctrine, but the court ordered that it be filed as the court's need for the factual information disclosed on the log outweighed the defendants' interests in maintaining its secrecy, and that the information could not readily be obtained from any other source. *Cf.* Fed. R. Civ. P. 26(b)(3)(A). The court permitted the defendants to redact any material from the log that contained the mental impressions and opinions of counsel.

concerns about the security of the defendants' counsel, as well as the court, particularly since the completion of discovery was imminent and a resolution of the case by settlement or by trial was approaching.

By letter dated August 7, however, the defendants have provided the court with additional information concerning the plaintiff's criminal history which has caused me to reconsider that assessment. [Dkt. Ent. 46] According to the defendants, the plaintiff's criminal history includes convictions upon pleas of guilty to three class A misdemeanors under state law involving violent conduct. The convictions include assault in the third degree in 2006, menacing in the second degree with a weapon in 2009, and criminal possession of a weapon with intent to use in the fourth degree in 2012.[3] Although details about the factual bases for the convictions were not provided, the convictions plainly undermine the premise that the plaintiff does not pose a physical threat.

I continue to believe, however, that measures can be put into place that would minimize the concerns of the defendants' counsel. As noted, the plaintiff has not failed to comply with any of my directions during proceedings at the courthouse. Thus, the deposition of the plaintiff and any other witness the defendants may wish to depose could be conducted at the courthouse and in the presence of a court security officer. In addition, the court could maintain the limitations on the plaintiff's contacts with the defendants' counsel that were ordered at the close of the hearing on August 4. Those limitations include a prohibition against any telephone calls to defendants' counsel, a prohibition against any visits by the plaintiff to the offices of defendants' counsel, and the requirement that all communications between the plaintiff and the defendants' counsel be conducted in writing. These measures would ensure that all person-to-person contacts between the plaintiff and the defendants' counsel would occur at the courthouse where the plaintiff's behavior has been appropriate.[4]

---

[3] No information is provided about the nature of the weapons involved in these incidents.

[4] The plaintiff has mentioned on several occasions that he has contacted an attorney who will represent him. The entry of counsel on behalf of the plaintiff would also likely alleviate concerns.

Nevertheless, the defendants' counsel have the right to conduct their defense without concerns about their security. If they believe that the above measures would be ineffective to alleviate their concerns, they retain the ability to again move for dismissal of the plaintiff's claims given Judge Gleeson's ruling dismissing their letter motion without prejudice to renewal. Should they decide to make such a motion, they should do so formally by notice of motion supported by affidavit and memorandum of law. As the present discovery schedule calls for the deposition of the plaintiff to be held on August 25, they must file with the court a proposed schedule for the motion by the close of business on August 20, in which case the deposition will be adjourned without date. If they do not make such a filing, the court will make arrangements for the deposition of the plaintiff to be conducted at the courthouse commencing at 10:00 a.m. on August 25, or at such other time as the defendants may advise the court and the plaintiff.

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
August 11, 2015