

**T**HE **C**ITY OF **N**EW **Y**ORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

ALEXANDER NOBLE
*Assistant Corporation Counsel*
Phone: (212) 356-2357
Fax: (212) 356-3508
Email: anoble@law.nyc.gov

October 8, 2015

**BY ECF**
Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  <u>Curtis Darby v. New York City Police Department, et al.</u>
           14-CV-4078 (JG) (VVP)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the counsel for defendants Police Officer Omar Elsayed and Police Officer Matthew Flores in the above-referenced case. I write to inform the Court that today, October 8, 2015, the undersigned received a disturbing and profanity-laced telephone call from plaintiff in violation of the Court's August 4, 2015 Order.

      As Your Honor is aware, on July 24, 2015, plaintiff left a voicemail message for defendants' former counsel in which plaintiff threatened to kill her unless she agreed to settle the case. (*See* Docket Entry No. 42) At a status conference on August 4, 2015, the Court put measures in place to prevent plaintiff from harassing contact with defendants' counsel. One measure explicitly prohibited plaintiff from making telephone contact with defendants' counsel. (*See* Docket Entry No. 45) On September 18, 2015, defendants served and filed a motion to dismiss plaintiff's Amended Complaint as a sanction for engaging in a pattern of abuse and harassment against defendants' former counsel. (*See* Docket Entries 52-55)

      Today, plaintiff violated the Court's August 4, 2015 Order by making a telephone call to the undersigned. At the outset of the call, the undersigned reminded plaintiff that, as the Court had ordered, telephone contact with defendants' counsel was prohibited. However, plaintiff refused to end the call, and demanded that the undersigned withdraw defendants' motion

for sanctions, stating "stop putting in motions to the Court. The judge is never going to grant that shit.[1] You need to lay off this shit right now." Plaintiff then angrily hung up the phone.

Plaintiff's harassing telephone call to the undersigned, in violation of the Court's August 4, 2015 Order, is only the most recent instance of plaintiff's misconduct in a pattern of harassment against defendants' counsel beginning in May of 2015. Plaintiff has, again, placed an abusive phone call to defendants' counsel for the patently improper purpose of advancing his litigation goals. Plaintiff's continued harassment against defendants' counsel raises serious security concerns, as plaintiff has already threatened to kill one attorney in this office and made several unannounced and uninvited appearances at counsel's office building. Moreover, plaintiff's flagrant violation of the August 4, 2015 Order prohibiting him from telephone contact with the defendants' counsel makes clear that plaintiff has no intention of complying with this Court's directives.

Given that plaintiff continues to harass defendants' counsel in violation of this Court's directives, defendants respectfully submit that dismissal of this case with prejudice is the appropriate sanction for plaintiff's pattern of misconduct.

Thank you for your consideration in this matter.

Respectfully submitted,

 */s/ Alexander Noble*

Alexander Noble
Assistant Corporation Counsel

cc:   Honorable Viktor V. Pohorelsky (*by ECF*)
      United States Magistrate Judge
      Eastern District of New York
      225 Cadman Plaza East
      Brooklyn, New York 11201

cc:   Curtis Darby (*by regular mail*)
      *Plaintiff pro se*
      456 Richmond Terrace
      Apt #L.D.
      Staten Island, NY 10301

---

[1] Upon information and belief, the "shit" to which plaintiff refers is defendants' motion for sanctions.